## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | **CIVIL ACTION NO. 1:10-CV-0883** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JEFFREY BEARD, et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 15th day of November, 2011, upon consideration of plaintiff's motion for reconsideration (Doc. 69) of the portion of this Court's September 30, 2011 Order (Doc. 68) dismissing the claim against defendant Phelps on the grounds that plaintiff failed to exhaust the Pennsylvania Department of Corrections grievance review process, and it appearing that plaintiff fails to demonstrate one of three major grounds for reconsideration ((1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'")), North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted); see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the

court before rendering its original decision fails to carry the moving party's burden.'"), but, rather simply disagrees with the Court's determination of the applicable administrative review process[1], it is hereby ORDERED that plaintiff's motion (Doc. 69) is DENIED.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge

---

[1] Plaintiff argues that the administrative procedure applicable to misconduct proceedings, DC-ADM 801, rather than the procedure established to raise a grievance, DC-ADM 804, should have governed whether he exhausted his retaliation claim against defendant Phelps. Because this argument was not raised in the brief filed in opposition to defendants' motion, it will not be considered by the Court. (Doc. 54).