# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **DAMONT HAGAN,** | : | | |
| Plaintiff | : | | |
| | : | No. 1:10-CV-0883 | |
| v. | : | | |
| | : | Judge Conner | |
| **JEFFREY BEARD, et al.,** | : | | |
| Defendants | : | Electronically Filed Document | |

## DEFENDANTS' PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.6 and this Court's order of February 4, 2013, Defendants submit their pretrial memorandum.

### A. FEDERAL COURT JURISDICTION

Plaintiff asserts claims under 42 U.S.C. §§1983 and 1985(2). This Court has jurisdiction under 28 U.S.C. §1331.

### B. STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY

Plaintiff alleges that defendants Warner, Chamber, Houser, Goss, and Spieles conspired to intimidate the plaintiff from giving testimony on behalf of another inmate in an upcoming trial. Plaintiff claims that he was threatened on July 11, 2008 and July 17, 2008. Defendants intend to show that there was no conspiracy and that the plaintiff was never threatened.

Plaintiff also alleges that on August 1, 2008, defendants Spieles, Jones, Huber and Bankes assaulted him in his cell. Defendants will show that on that

date, the plaintiff grabbed hold of the visitor's chain and attempted to pull the chain out of defendant Spieles hands. Defendants Spieles, Jones, Huber and Bankes used appropriate force to get control over the plaintiff and prevent him from using the visitor's chain as a weapon.

**C.  STATEMENT OF UNDISPUTED FACTS**

Because plaintiff is a prisoner proceeding pro se, no conference was held pursuant to Local Rule 16.3, and the parties have not agreed on a comprehensive statement of undisputed facts.

**D.  DAMAGES**

Plaintiffs seek money damages.

**E.  NAMES AND ADDRESSES OF WITNESSES**

The defendants may call the following witnesses:

All parties

Kristen Roach, RN
Lancaster Regional Medical Center
250 College Avenue, Lancaster, PA 17603

Kristen Barbacci, PA
Wexford Health Sources
SCI Camp Hill
Camp Hill, PA 17001-8837

Brandon Phelps
SCI-Camp Hill
Camp Hill, PA 17001-8837

Jared Weis
SCI Camp Hill
Camp Hill, PA 17001-8837

David G. White, DDS
Wexford Health Sources
SCI Camp Hill
Camp Hill, PA 17001-8837

Thomas Bickert
SCI Smithfield
1120 Pike Street, P.O. Box 999
Huntingdon, PA 16652

F.   **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

None.

G.   **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

None.

H.   **SUMMARY OF LEGAL ISSUES AND LEGAL AUTHORITIES**

1.   Eighth Amendment Claim

Section 1983 provides private citizens with a means to redress violations of federal law committed by state officials.  To establish a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir.2009). In this case, plaintiff alleges that Spieles, Jones, Huber and Bankes used excessive force during the August 1, 2008, incident in violation of the Eighth Amendment.

3

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S.1, 8 (1992). When reviewing an Eighth Amendment excessive force claim, the district court must determine whether the "force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. at 6. Whether the force applied was excessive requires the examination of several factors including: (1) the need for force, (2) the relationship between that need and the amount of force used, (3) the extent of the injury, (4) the extent of the threat to safety "as reasonably perceived by responsible officials," and (5) "any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir.2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986). Whether the force was excessive depends on the "extent of the force" and the surrounding circumstances, not upon the "resulting injuries." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir.2002).

Defendants intend to show that the force used in this case was not applied wantonly to inflicted harm but to maintain prison security and to prevent plaintiff's disruptive behavior from escalating into an even greater threat.

2.     Section 1985(2) Claim

Plaintiff also claims that Warner, Chamber, Houser, Goss, and Spieles conspired to intimidate plaintiff to prevent him from testifying in violation of 42 U.S.C. § 1985. Section 1985(2) prohibits conspiracies by two or more persons to intimidate or threaten any witness from giving full, free, and truthful testimony in a pending matter or to injure such a witness on account of his having given such testimony. 42 U.S.C. § 1985(2).

Section 1985 was enacted following the Civil War, and the legislative history of the statute "bespeak[s] a Congressional intent to insulate witnesses, parties and grand or petit jurors from conspiracies to pressure or intimidate them in the performance of their duties, and an intent to guard against conspiracies the object of which is to deny citizens the equal protection of the laws." *Brawer v. Horowitz*, 535 F.2d 830, 839 (3d Cir.1976). As the Third Circuit explained, the section is concerned with "conspiratorial conduct that directly affects or seeks to affect parties, witnesses or grand or petit jurors." *Id*. at 840.

The Third Circuit has held that the "essential allegations of a 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs." *Shehee v.*

*City of Wilmington*, 67 F. Appx. 692, 697 (3d Cir.2003) (citing *Malley–Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 792 F.2d 341, 356 (1986).

Defendants will show that there was no conspiracy and no threats were ever made to the plaintiff.

**I.      STIPULATIONS DESIRED**

None.

**J.      ESTIMATED NUMBER OF TRIAL DAYS**

Defendants estimate that the trial will last two days.

**K.      OTHER PERTINENT MATTERS**

None.

**L.      SCHEDULE OF EXHIBITS**

Defendants will submit their schedule of exhibits prior to the commencement of trial trail as set forth this Court's order of February 4, 2013.

**M.      SPECIAL VERDICT QUESTIONS**

See attached special verdict questions.

**N.      STATEMENT ABOUT SETTLEMENT AUTHORITY**

The undersigned certifies that he has notified the person with settlement authority of the provisions of Local Rule 16.2.

**O.      CERTIFICATE REGARDING DEPOSITIONS AND VIDEOTAPES**

Not applicable.

**P.      PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Not applicable.

                **Respectfully submitted,**

                **KATHLEEN G. KANE**
                Attorney General

      **By:**    *s/Michael L. Harvey*_____
                **MICHAEL L. HARVEY**
                **Senior Deputy Attorney General**

                **GREGORY R. NEUHAUSER**

**Office of Attorney General**      **Chief Deputy Attorney General**
**Litigation Section**      **Chief, Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**
**Phone:  717-783-6896 – Direct**
**Fax:      717-772-4526**
**Email:  mharvey@attorneygeneral.gov**

**Date:  April 26, 2013**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | |
| Plaintiff | : | |
| | : | No. 1:10-CV-0883 |
| v. | : | |
| | : | Judge Conner |
| **JEFFREY BEARD, et al.,** | : | |
| Defendants | : | Electronically Filed Document |

## CERTIFICATE OF SERVICE

I, Michael L. Harvey, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 26, 2013, I caused to be served a true and correct copy of the foregoing document titled Defendants' Pretrial Memorandum to the following:

**VIA U.S. Mail**

**Damont Hagan, DS-9488**
**SCI-Smithfield**
**P.O. Box 999, 1120 Pike Street**
**Huntingdon, PA  16652**
*Pro Se Plaintiff*

                                              *s/ Michael L. Harvey*
                                              **MICHAEL L. HARVEY**
                                              **Senior Deputy Attorney General**

**DATE:  April 26, 2013.**