# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | Civil No. 1:10-CV-883 |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| **JEFFREY BEARD, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by the plaintiff, Damont Hagan, a state prisoner formerly housed in the Special Management Unit (SMU) of the State Correctional Institution at Camp Hill (SCI-Camp Hill). In his complaint, the plaintiff brings claims under 42 U.S.C. §§ 1983 and 1985(2), against several present and former SCI-Camp Hill SMU staff, alleging: (1) that the plaintiff was assaulted on August 1, 2008, Amended Complaint ¶¶1-2, 19; and (2) that the defendants conspired against the plaintiff to intimidate him to prevent him from testifying in violation of 42 U.S.C. §1985(2), Amended Complaint ¶¶6-8, 23.

Presently before the court are two motions *in limine*, filed by Hagan which seek to exclude the following evidence: (1) three undated handwritten notes (Doc. 152.); and (2) evidence of two misconduct charges against plaintiff and a photograph of a sharpened comb found in plaintiff's cell. (Doc. 154.)

With respect to these two motions *in limine*, the defendants have filed a response (Doc. 169.) which concedes that the undated handwritten notes are not admissible. Therefore, Hagan's motion in limine relating to these notes, (Doc. 153.), is GRANTED.

As for the evidence regarding institutional misconduct allegedly engaged in by Hagan, which is the subject of a separate motion *in limine*, (Doc. 154.) the defendants assert that they do not intend to introduce into evidence the records plaintiff attaches to his motion documenting this alleged misconduct. Further, defendants agree that evidence of prior misconduct by plaintiff may not be introduced to prove plaintiff's character in order to show that he acted consistent with that character on August 1, 2008, when defendants contend that he attempted to assault corrections officers. Fed.R.Evid., Rule 404 (b)(1). In addition, the defendants concede that mere misconduct that does not result in the conviction of a crime is not admissible for purposes of impeachment under the Federal Rules of Evidence. *See* Fed.R.Evid., Rule. 609. Therefore, Hagan's motion *in limine* will be GRANTED, in part, to the extent that the defendants endeavored to present this extrinsic evidence of this alleged misconduct or attempt to impeach Hagan by questioning him regarding these matters.

We find, however, that the defendants' knowledge of plaintiff's recent past behavior may be relevant to determine whether force used in this case "was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically

for the very purpose of causing harm." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Among the factors considered in determining whether force was properly applied is "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known." *Whitley v. Albers*, 475 U.S. 312, 321 (1986). Considering this evidence in the context of the claims brought in this case, if the individual corrections officers were aware of the plaintiff's prior misconduct, propensity for violence, or disciplinary issues while incarcerated, and this information helped to form a basis to assess the threat level that the plaintiff presented, then "knowledge of such history would be relevant to the inquiry as to whether the force used against plaintiff was reasonable under the circumstances." *Smith v. City of Philadelphia,* Civ. A. No. 06-4312, 2009 WL 3353148, at *2 (E.D. Pa. Oct. 19, 2009) (claims of excessive force against corrections officers) (citing *Virgin Islands v. Carino,* 631 F.2d 226, 229 (3d Cir. 1980) ("If it can be established that the accused knew at the time of the alleged crime of prior violent acts by the victim, such evidence is relevant as tending to show a reasonable apprehension on the part of the accused.")). Therefore limited testimony on these matters will be permitted for this purpose to the extent that these matters were known to the officers and informed their judgment regarding the quantum of force needed in this case.

Accordingly, for the foregoing reasons IT IS ORDERED as follows:

1. Plaintiff's motion *in limine*, excluding handwritten notes from the trial of this case (Doc. 153.), is GRANTED,.

2. Plaintiff's motion *in limine* which seeks to exclude extrinsic evidence of prior institutional misconduct citations, (Doc. 154.) is GRANTED, in part, and DENIED in part as follows: The defendants will not be permitted to present extrinsic evidence of this misconduct citation, and will not be permitted to cross examine the plaintiff regarding this matter, but defendants will be able to testify to their personal knowledge regarding the plaintiff's prior institutional misconduct to the extent that these matters were known to the officers in August 2008 and informed their judgment regarding the quantum of force needed in this case.

So ordered 15th day of May 2013.

                                           *S/Martin C. Carlson*
                                           Martin C. Carlson
                                           United States Magistrate Judge