IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMONT HAGAN, | : | Civil No. 1:10-CV-883 |
| Plaintiff | : | (Magistrate Judge Carlson) |
| v. | : | |
| NATHAN GOSS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

## I. FACTUAL BACKGROUND

This is a civil rights action brought by the plaintiff, Damont Hagan, a state prisoner formerly housed in the Special Management Unit (SMU) of the State Correctional Institution at Camp Hill (SCI-Camp Hill). In his complaint, the plaintiff brings claims under 42 U.S.C. §§ 1983 and 1985(2), against several present and former SCI-Camp Hill SMU staff, alleging: (1) that the plaintiff was assaulted on August 1, 2008, Amended Complaint ¶¶1-2, 19; and (2) that the defendants conspired against the plaintiff to intimidate him to prevent him from testifying in violation of 42 U.S.C. §1985(2), Amended Complaint ¶¶6-8, 23.

Presently before the court is a motion *in limine*, which relates to Hagan's proffered proof in support of his allegation that the defendants conspired against the

1

plaintiff to intimidate him to prevent him from testifying in another federal civil rights lawsuit, in violation of 42 U.S.C. §1985(2). Specifically, Hagan has indicated that he wishes to call two witnesses, Stephen Greecher, an attorney who litigated the prior case in which Hagan alleges that, as a putative witness, he was intimidated by prison staff, and as a result testified falsely at trial. Hagan also indicates that he wishes to call Brett Grote, a person that Hagan was in communication with at the time that he was a putative witness in this prior civil rights lawsuit. In both instances, we understand that the purpose of the testimony of these witnesses would be to confirm that Hagan had made contemporaneous complaints that he was being subjected to intimidation at the time he was scheduled to testify as a witness in another inmate federal civil rights lawsuit.

The defendants have filed a motion *in limine*, which characterizes this proffered testimony as inadmissible hearsay, and seeks a pretrial order excluding this testimony from the trial of this case. (Docs. 147 and 148.) For the reasons set forth below, we will deny this motion *in limine*, and defer any ruling on the admissibility of this testimony pending the development of the proof at trial.

**II. DISCUSSION**

This particular motion *in limine* calls upon us to examine the permutations of the hearsay rule, and its applicability to out-of-court declarations allegedly made by

the plaintiff at a time when he was a putative witness in the civil right trial of another inmate, complaining about alleged intimidation by prison staff due to his witness status.

"Hearsay" is defined under the Federal Rules of Evidence as "a statement that: . . . the declarant does not make while testifying at the current trial or hearing; [which] a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid., Rule 801(c). As a general matter, "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid., Rule 802.

The Federal Rules of Evidence, however, are replete with exceptions to this general principle forbidding reliance upon hearsay. See Fed. R. Evid., Rules, 801, 803, and 804. In their competing pleadings, the parties have seized upon several of these exceptions to the hearsay rules as they debate the admissibility of these particular out-of-court declarations. For his part, Hagan cites Rule 801(d)(2)(C) to contend that these statements should be admitted, asserting that the statements are "made by a person whom the party authorized to make a statement on the subject." Fed. R. Evid., Rule 801(d)(2)(C). This argument is unpersuasive, however, because it fails to take into account that Rule 801(d)(2)(C), only applies to statements made by a *party-opponent.* Thus, this rule is not a vehicle for admitting a party's own prior

statements; rather it only allows for the admission in certain circumstances of statements made on behalf of an opposing party in a lawsuit.

In their briefs the parties also discuss whether Rule 803(3) of the Federal Rules of Evidence, which exempts "a statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)," Fed. R. Evid., Rule 803(3), from the reach of the hearsay rule, and permits the introduction of this testimony. On balance, we conclude that Rule 803(3) does not allow for the admission of these statements, since the rule, by it terms, provides that such present sense impressions may not be used to "prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." Fed. R. Evid., Rule 803(3). See also, U.S. v. Emmert, 829 F.2d 805, 809-10 (9th Cir.1987); United States v. Cohen, 631 F.2d 1223, 1225 (5th Cir.1980); Hirsch v. Corban Corporations, Inc., 949 F.Supp. 296, 303 (E.D.Pa. 1996). Here, Hagan is offering this evidence for proof of "the fact remembered or believed", i.e., the fact of claimed intimidation by prison staff. Therefore, Rule 803(3), on its face, would not allow these statements into evidence for the purpose proposed by Hagan. Thus, on the legal grounds expressly proffered and addressed by the parties, we find no basis for the admission of these statements.

Yet, while these expressly identified and proffered rules do not provide grounds for the introduction of these out-of-court statements by Hagan, the plaintiff's brief suggests another, less frequently traveled path for the introduction of this evidence, albeit a path which must await the presentation of the evidence at trial. In his brief, Hagan also urges the court to admit these prior statements, which he anticipates will be consistent with his trial testimony, since "Hagan's crdeibility will be attacked" at trial. (Doc. 167, p. 2.) While not cited by the parties, Rule 801(d)(1)(B) of the Federal Rules of Evidence permits the admission of prior consistent statements, like those tendered by Hagan, when a party's credibility has been attacked through an express or implied assertion that the party has recently fabricated his testimony, and provides as follows:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
> **(1) A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> > **(B)** is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying.

Fed. R. Evid., Rule 801(d)(1)(B).

While Rule 801(d)(1)(B) may conceivably permit the introduction of this testimony at trial, we cannot rule upon this question in a vacuum since the rule, by its

terms, requires that a number of conditions precedent must be met before prior consistent statement may be introduced under Rule 801(d)(1)(B). For example, before such statements may be admitted the declarant must: (1) testify; (2) be subject to cross examination about the prior statement; (3) must show that the prior statement is consistent with the party's testimony; and (4) must show a need to present this evidence to rebut an express or implied charge of recent fabrication or improper influence and motive in testifying. Id. See also United States v. Casoni, 950 F.2d 893, 904 (3d Cir. 1991)(discussing Rule 801(d)(1)(B)).

Ascertaining whether these conditions are met is a task which must– and will– await trial and the development of a full factual record.

### III. CONCLUSION

Accordingly, for the foregoing reasons, while we conclude that Rules 801(d)(2)(C) and 803(3), do not provide a basis for the admission of this evidence, we will reserve until trial the issue of whether Rule 801(d)(1)(B), which relates to prior consistent statements, permits the introduction of this evidence. Therefore, we will DENY the motion in limine (Doc. 147.), without prejudice to consideration of this issue at trial.

So ordered this 30th day of May 2013.

                                      ***/s/Martin C. Carlson***
                                      Martin C. Carlson
                                      U.S. Magistrate Judge