**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMONT HAGAN,** | : | **Civil No. 1:10-CV-0883** |
| | : | |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATHAN GOSS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION AND ORDER**

## I.   FACTUAL BACKGROUND

This case comes before the Court for consideration of a motion to alter judgment, (Doc. 215), filed by the plaintiff, a *pro se* prisoner, following a defense verdict at a jury trial.  In this motion Hagan makes a novel request:  Despite the defense verdict on his Eighth Amendment claims against the defendants named in his complaint, Hagan now asks us post-trial permit him to pursue new and different Eighth Amendment claims against individuals that were never previously named as defendants on his prior Eighth Amendment claims, but were simply witnesses at this trial.

For the reasons set forth below this request will be denied.

This is a civil rights action which was brought by the plaintiff, Damont Hagan, a state prisoner formerly housed in the Special Management Unit (SMU) of the State Correctional Institution at Camp Hill (SCI-Camp Hill), through the filing of a complaint on April 26, 2010. (Doc. 1)  Over the course of this litigation, Hagan filed a number of amended complaints which added various claims and parties to this litigation. (Docs. 31, 45)  Among these claims were allegations of retaliation brought by Hagan against a correctional officer, Brandon Phelps, and a nurse, Kristen Roach. (Id.)  These retaliation claims were dismissed by the district court, Conner, J., on September 30, 2011.  (Doc. 68)

Eighteen months later, in May of 2013, this matter was reassigned to the undersigned for trial upon the consent of the parties, for trial. (Doc. 176)  At the time of this reassignment, the only claims that remained in the case were claims under 42 U.S.C. §§ 1983 and 1985(2), against several present and former SCI-Camp Hill SMU staff, alleging:  (1) that staff used excessive force in violation of the Eighth Amendment when the plaintiff was assaulted on August 1, 2008, during a cell extraction, Amended Complaint ¶¶1-2, 19; and (2) that the defendants conspired against the plaintiff to intimidate him to prevent him from testifying in violation of 42 U.S.C. §1985(2), Amended Complaint ¶¶6-8, 23.  None of these claims related to

2

Correctional Officer Brandon Phelps, or Kristen Barbacci, a Physician Assistant who examined and treated Hagan after this August 1, 2008 incident.

This case proceeded to trial on June 3-6, 2013. (Doc. 203-205) During the trial Officer Phelps, who was no longer a party, appeared as a witness and testified that he had observed Hagan apparently inflicting injuries upon himself shortly after this August 1, 2008 cell extraction. Phelps immediately reported this episode. Hagan was then seen by Kristen Barbacci, a prison Physician Assistant, who also was not a party in this case, but who testified as a witness that she examined and treated Hagan's superficial injuries. At the conclusion of the trial, the jury found in favor of the defendants on Hagan's Eight Amendment excessive force and conspiracy claims. (Doc. 210-213)

Hagan then filed this motion to alter judgment. (Doc. 215) [1] In this motion, Hagan alleged that the testimony of these two non-parties, Officer Phelps and Physician Assistant Barbacci, demonstrated that they displayed deliberate indifference to his safety. Therefore, he sought leave of court to now bring Eighth Amendment claims against these non-party witnesses, despite the fact that five years

---

[1]We note that Hagan has also filed a separate motion for a hearing. (Doc. 222) This motion remains pending and we will address this pleading separately.

have passed since this incident and all of Hagan's Eighth Amendment claims against the parties named in his complaint had been rejected by the jury.

Presented with this motion, and Hagan's request for an extension of time in which to submit a brief in support of this motion, (Doc. 219), we set a specific briefing schedule for this novel request, stating that: "With respect to this motion, the plaintiff shall file a brief in support of this motion on or before **August 20. 2013**. The defendants shall file a response to the motion on or before **September 3, 2013**. The plaintiff may then file a reply brief on or before **September 17, 2013**." (Doc. 221)

Hagan never filed a brief in support of this particular motion. Therefore, this motion is ripe for resolution. For the reasons set forth below, the motion will be denied.

## II.    <u>DISCUSSION</u>

In our view this motion to alter judgment fails for at least two reasons.

First, Hagan has not filed a brief in support of this motion, despite being instructed to file some brief explaining the legal basis for this request. This failure to file a brief has consequences for Hagan since we are entitled to deem the plaintiff to have withdrawn a motion when he fails to properly support that motion by filing a brief in a timely fashion. <u>See, e.g.</u>, <u>Salkeld v. Tennis</u>, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); <u>Booze v. Wetzel</u>,

1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012) <u>report and recommendation adopted</u>, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); <u>Breslin v. Dickinson Twp.</u>, 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011) <u>Prinkey v. Tennis</u>, No. 09–52, 2010 WL 4683757 (M.D.Pa. Nov.10, 2010) (dismissal under Local Rule 7.5); <u>Griffin v. Lackawanna County Prison Board</u>, No. 07–1683, 2008 WL 4533685 (M.D.Pa.Oct.6, 2008) (dismissal under Local Rule 7.6).

More fundamentally, this motion fails on its merits because nothing about the conduct of these two witnesses as described at trial would give risk to an Eighth Amendment deliberate indifference claim. These Eighth Amendment claims are judged against settled legal principles, principles which set precise and exacting standards for asserting a constitutional infraction. All of these claims, however, are governed by the same overarching and animating constitutional benchmarks, benchmarks that require proof of the unnecessary and wanton infliction of pain by government officials acting with a culpable state of mind. As the United States Court of Appeals for the Third Circuit has observed:

> The Eighth Amendment protects against infliction of "cruel and unusual punishment." However, "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "After incarceration, only the unnecessary and

5

wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Id. (citation and internal quotations omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id. Resolution of an Eighth Amendment claim therefore "mandate[s] an inquiry into a prison official's state of mind." Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Two considerations define that inquiry. We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. Id. at 298, 111 S.Ct. 2321. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. Id. In other words, we must determine if they were motivated by a desire to inflict unnecessary and wanton pain. "What is necessary to establish an 'unnecessary and wanton infliction of pain ...' varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Fuentes v. Wagner, 206 F.3d 335, 344-45 (3d Cir. 2000).

While prison officials may violate an inmate's rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to the inmate's medical needs, to sustain such a claim, an inmate must plead facts which:

[M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate

indifference" is a subjective standard under <u>Farmer</u>-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

<u>Beers-Capitol v. Whetzel,</u>256 F.3d 120, 125 (3d Cir. 2001).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care.  In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976).  To establish a violation of his constitutional right to adequate medical care in accordance with this standard, an inmate is required to point to evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need.  <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain."  <u>Estelle</u>, 429 U.S. at 104.  Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of

resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see,

8

e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services.

Judged against these benchmarks, Hagan simply is not entitled to the post-judgment relief he seeks in this motion, since the evidence at trial did not demonstrate deliberate indifference by either of these non-party witnesses, Officer Phelps or Physician Assistant Barbacci.  Quite the contrary, for his part, Officer Phelps' conduct reflected concern for Hagan, since he promptly reported what he observed regarding self-inflicted injuries suffered by Hagan, thus enabling Hagan to receive immediate medical care for those injuries.  Similarly, Physician Assistant Barbacci did not display deliberate indifference to Hagan's medical concerns; rather, she assessed and treated his injuries.  On these facts, no Eighth Amendment claim lies against either of these prison officials, and Hagan may not now seeks to bring such claims against these officials following his unsuccessful litigation of other Eighth Amendment claims against different correctional staff.

### III.   <u>ORDER</u>

AND NOW, this 31st day of January, 2014, for the reasons set forth in the accompanying memorandum, IT IS HEREBY ORDERED THAT the plaintiff's Motion to Alter Judgment, (Doc. 215), is DENIED.

*/s/Martin C. Carlson*
Martin C. Carlson
U.S. Magistrate Judge